## TAMPKE v. CHILDRESS et al.
## No. 9014.

Court of Civil Appeals of Texas.
San Antonio.
Feb. 22, 1933.

Rehearing Denied March 15, 1933.

S. B. Carr, of Floresville, for appellant.

DeWitt Murray and D. Richard Voges, both of Floresville, for appellee.

SMITH, Justice.

This is a boundary suit.

On October 21, 1928, the district court of Wilson county ordered the partition of a certain 100-acre tract of land in said county, said land being described generally in the order for partition as "a part of the Morris May 2/3 League," and particularly by metes and bounds.

In pursuance of said order the tract, ascertained by a survey to contain 99.7 acres, was apportioned and partitioned so that 82.7 acres thereof were awarded to L. H. West and others as the heirs of William West, including a daughter, Annie West Childress, wife of S. A. Childress, who owned land adjoining said 82.7 acres.

The 82.7-acre tract so awarded was surveyed and segregated from the remainder of the original tract and in the decree of partition was described by metes and bounds. Afterwards said heirs, joined formally by S. A. Childress as the husband of one of them, sold and conveyed the 82.7-acre tract to M. L. Tampke, who brought this suit in the form of an action in trespass to try title and for damages, alleging that the tract actually conveyed to him included the land here in controversy. The action was brought against all the grantors in said deed to Tampke, but all of them disclaimed except Childress, who, it is conceded, joined in the deed only as the husband of one of the heirs from whom Tampke purchased.

Tampke contends that he fenced the land as it was actually described in the conveyance to him, but that Childress then moved the fence back so as to exclude a strip of about 8 acres, thereby creating a shortage in the acreage acquired by him in the transaction.

As all claims for damages were abandoned, the suit was reduced to one to recover of Childress the title to said 8-acre strip, and was finally resolved into a strict boundary suit. The trial court rendered judgment denying any recovery to Tampke, who has appealed.

The judgment was based upon a single jury finding that the disputed strip was not included in the field notes in the deed from the grantors to Tampke.

It is contended by appellant that appellee was present when the 82.7-acre tract was surveyed for the purpose of this conveyance, and witnessed the location of the northwest (beginning) corner of the tract at the point claimed by appellant, and which embraced the strip in controversy; that appellant knew the strip was being cut off into the parcel to be conveyed to appellant, and with that knowledge joined in the conveyance, and that he is therefore estopped to contest appellant's claim of title to the strip thus taken. Upon that premise, if established, appellee undoubtedly would have been estopped. But it seems the tract was surveyed more than once for the purpose of this transaction, and appellee denies that he was present at any survey which embraced the disputed strip.

It may be said, generally, that the appeal must be determined by the major proposi-

tion of appellee that the field notes in the deed to appellant, when actually applied on the ground, do not embrace, but in fact exclude, the disputed strip.

█ There was a conflict in the evidence as to the true location of some of the landmarks and corners, and the actual location of the beginning point in the survey must depend upon a proper resolution of those conflicts. The testimony was full and exploited the whole situation, which was encompassed in the sole and rather broad issue submitted to the jury in this language: "Do you find from a preponderance of the evidence that the disputed strip of land, described in Plaintiff's Petition, is included within the field notes of the deed from L. H. West et al. to M. L. Tampke?"

Appellant acquiesced in this form of that issue, and did not request additional instructions or issues, wherefore he is bound by that submission.

█ When stripped of all nonessentials, the case turns upon the true location of the beginning point, the northwest corner of the tract conveyed, as fixed by the field notes in the deed in question. Appellant contended that it was at a point 718 varas northwest of the Stockdale and Union road, and appellee contended that it was about 100 varas nearer said road, which was designated as the southeastern boundary of the tract. This variance accounts for the disputed strip. There was testimony to support each claim, in consequence of which the controlling question became one of fact. The jury has resolved the conflict against appellant, and this court is bound by that determination.

█ Much is said in the briefs as to appellees' intentions when executing the deed in controversy. It does not matter what his intentions were, and the evidence thereon was properly excluded from the case in the trial court. The case, as we view it, was one of fact, and was settled by the jury finding.

The judgment is affirmed.

### On Motion for Rehearing.

█ In his motion for rehearing appellant vigorously complains of the statement in the original opinion that appellant acquiesced in the "form" in which the one special issue was submitted to the jury, "and did not request additional instructions or issues, wherefore he is bound by that submission." That statement, however, was literally true, and fully warranted by the record. Appellant did not object to the form in which the case, or the one special issue, was submitted, or make any request for other issues or instructions. Appellant did object to the submission of that special issue, but only upon the ground that "there is no evidence in the case to warrant"

its submission, whereas, the appeal and the motion for rehearing do not rely upon that ground, but upon others, for reversal.

We adhere to the original opinion and overrule appellant's motion for rehearing.

MURRAY, J., not sitting.